J-A16011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMILY M. JIMENEZ | : | |
| | : | |
| Appellant | : | No. 1203 EDA 2024 |

Appeal from the PCRA Order Entered March 13, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004467-2021

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:             **FILED SEPTEMBER 17, 2025**

Emily M. Jimenez appeals from the order, entered in the Court of Common Pleas of Montgomery County, dismissing her petition filed pursuant to the Post Conviction Relief Act (PCRA).  **See** 42 Pa.C.S.A. §§ 9541-9546.  Court-appointed counsel has filed an **Anders**[1] brief, with an attached **Turner**/**Finley**[2] "no-merit" letter, along with a petition to withdraw as

---

[1] **See Anders v. California**, 386 U.S. 738 (1967).

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

counsel.[3]  Upon careful review, we affirm the order of the PCRA court and grant counsel's petition to withdraw.

On June 21, 2021, Jimenez was charged with simple assault[4] after striking and kicking Kristina Gonzalez multiple times in the face in a stairwell at the hospital where they were both employed.  The assault caused Gonzalez's face to bleed and "burn[] from the scratches."  N.T. Non-Jury Trial, 1/26/23, at 36.  Gonzalez suffered bruising on her forehead and neck, as well as scratches on her neck, and experienced pain at a level of seven or eight out of ten.  *Id.* at 36, 38-39.

On January 26, 2023, following a non-jury trial, the court convicted Jimenez of simple assault and sentenced her to two years' probation.  On January 31, 2023, Jimenez submitted pro se correspondence to the trial court, which included claims sounding in ineffectiveness of trial counsel.  Trial counsel subsequently filed a motion to withdraw on February 27, 2023.  After a hearing on April 4, 2023, the trial court granted counsel's motion to withdraw.

_____

[3] This court may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter because an *Anders* brief provides greater protection to a defendant.  *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).  As noted, here, counsel filed an *Anders* brief as well as a *Turner*/*Finley* letter.  *See Anders* Brief, at Exhibit D.

[4] 18 Pa.C.S.A § 2701(a)(1).

On April 5, 2023, the trial court appointed the Montgomery County Public Defender's Office to represent Jimenez for PCRA purposes and, on May 31, 2023, public defender James Berardinelli, Esquire, entered his appearance on Jimenez's behalf. After obtaining an extension of time, on August 2, 2023, Attorney Berardinelli filed a timely PCRA petition requesting an evidentiary hearing and averring that trial counsel was ineffective for:

> Failing to introduce evidence of multiple elevators and stairwells at [the hospital] by which [Gonzalez] could have reached the first floor without having contact with [Jimenez]. [Jimenez] and trial counsel had discussed the introduction of this evidence before trial counsel and [Jimenez] entered trial expecting the evidence to be introduced.

PCRA Petition, 8/2/23, at 3. Attorney Berardinelli filed a supplemental PCRA petition on August 31, 2023.

On February 8, 2024, the PCRA court filed a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Four days later, Jimenez filed a timely pro se response to the PCRA court's Rule 907 notice.[5] Jimenez's response asserted, *inter alia*, that the photos of Gonzalez's injuries entered as evidence at trial were taken on Gonzalez's cell phone and subsequently altered, rather than taken by the police officer who testified that he had taken them. **See** Pro Se Response to Rule 907 Notice, 2/14/24, at 1-

_____

[5] Our Supreme Court has precluded hybrid representation on PCRA petitions. **See Commonwealth v. Bradley**, 261 A.3d 381, 398 (Pa. 2021); **Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011). We note, therefore, that Jimenez's pro se response was improper because she was still represented by Attorney Berardinelli at the time it was filed.

2. Jimenez requested an evidentiary hearing but did not seek leave to file an amended PCRA petition.

On February 16, 2024, Attorney Berardinelli filed a motion to withdraw as counsel, which the court granted on March 4, 2024. On the same date, the court filed an order dismissing Jimenez's PRCA petition, followed by an amended order on March 13, 2024. On March 15, 2024, the PCRA court appointed Matthew Quigg, Esquire, to represent Jimenez on collateral appeal. This timely appeal followed.[6]

_____

[6] The March 4, 2024 order dismissing Jimenez's petition was not mailed to Jimenez or counsel, and it did not advise Jimenez of her right to appeal or the time limit within which to do so, as required by Pa.R.Crim.P. 907(4). *See* Order, 3/4/24. Then, on March 13, 2024, the PCRA court entered an amended order in which it remedied those errors by serving Jimenez and her counsel via certified mail and advised Jimenez of her appellate rights. *See* Order, 3/13/24. The PCRA court did not vacate or otherwise invalidate its prior March 4, 2024 order. *See id.* Jimenez, within 30 days of the amended order, filed her notice of appeal.

On September 12, 2024, this Court issued a Rule to Show Cause directing Jimenez to demonstrate why her appeal should not be quashed as untimely filed. *See* Order, 9/12/24, at 1 (citing Pa.R.A.P. 105(b) ("an appellate court . . . may not enlarge the time for filing a notice of appeal."); Pa.R.A.P. 903(a) ("the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."); Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction relief shall constitute a final order for purposes of appeal.")). On September 23, 2024, Jimenez filed a response. *See* Response, 9/23/24, at 1-3.

Upon review of the record, we conclude that Jimenez's appeal properly lies from the March 4, 2024 order dismissing her PCRA petition, as it is a final order. *See* Pa.R.Crim.P. 910. Therefore, Jimenez's appeal, filed on April 12, 2024, was filed outside the 30-day time limit and is facially untimely. *See*
*(Footnote Continued Next Page)*

Prior to reviewing the merits of Jimenez's claims, we must address whether she is eligible for post-conviction relief. To be eligible for relief under the PCRA,

> the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

---

Pa.R.A.P. 903(a). However, the March 4, 2024 order, as noted above, was not served upon Jimenez or her counsel, and failed to properly advise her of her appellate rights. Both of these failings constitute breakdowns in court processes which allow us to overlook a late-filed notice of appeal. *See Commonwealth v. Alvin*, 328 A.3d 78, 82 n.2 (Pa. Super. 2024) (Rule 907(4) requires PCRA courts to notify petitioners of PCRA dismissal via certified mail and this Court will not quash appeal where trial court failed to comply with Rule 907(4) and Pa.R.Crim.P. 114); Pa.R.Crim.P. 114 (setting forth proper procedures for notices, filings, service, and docket entries); *see also Commonwealth v. Larkin*, 235 A.3d 350, 353-54 (Pa. Super. 2020) (en banc) (declining to quash appeal where trial court failed to advise defendant of appellate rights, which constituted breakdown in court processes); *see also Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (finding breakdown in court process where clerk of courts failed to notify petitioner of order denying collateral relief). Thus, we need not consider the PCRA court's attempts to correct those deficiencies in its March 14, 2024 order.

Nevertheless, we note that even if we considered the PCRA court's March 14, 2024 order, we would still consider these appeals timely. Due to the unique circumstances present in this appeal, where neither Jimenez nor her counsel was aware of the March 4, 2024 order dismissing her petition, we cannot fault her for failing to file a timely notice of appeal where the PCRA court failed to advise her of her appellate rights. *See Commonwealth v. Patterson*, 940 A.2d 493, 498-99 (Pa. Super. 2007) (compiling cases describing breakdowns in court processes). Moreover, Jimenez filed her notice of appeal within 30 days of receiving the amended order that purported to correct the March 4, 2024 order's deficiencies. In conclusion, either one of the above-described errors in the March 4, 2024 order allow us to overlook Jimenez's late-filed appeal, and we discern that we have jurisdiction over this appeal. *See Jerman*, *supra*; *Larkin*, *supra*.

> (i) currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]

42 Pa.C.S.A. § 9543(a)(1)(i).

Jimenez is ineligible for PCRA relief. The PCRA clearly states that a petitioner who is not currently incarcerated or on probation or parole with regard to the sentence for which PCRA relief is requested cannot establish eligibility for PCRA relief. *See id.*; *see also Commonwealth v. Plunkett*, 151 A.3d 1108 (Pa. Super. 2016) (statutory requirement that PCRA petitioner be currently serving sentence applicable where PCRA court's order issued while petitioner still serving sentence, but sentence terminated prior to resolution of appeal; denial of relief to petitioner no longer serving sentence, even when PCRA process begun in timely manner, not constitutionally infirm).

Here, Jimenez was sentenced to 2 years of probation on January 26, 2023, and was ordered to "forthwith" register with the Adult Probation Department to commence supervision. *See* Order of Sentence, 1/26/23, at 1 (unpaginated). The record reflects the issuance of a bench warrant for a probation violation; however, that warrant was revoked on July 19, 2024, with "all matters resolved with [Jimenez's probation officer]." Return of Service, 7/19/24. The record does not reflect that Jimenez's probation was ever deferred or revoked or that she was resentenced. Thus, her term of probation would have concluded at the end of January 2025. Accordingly, Jimenez has completed serving her sentence on the offense for which she seeks relief and

she is ineligible for relief under the PCRA.[7]  ***Plunkett***, ***supra***.  ***See also***

***Commonwealth v. Ahlborn***, 699 A.2d 718 (Pa. 1997) (under section

---

[7] Even if Jimenez were eligible for PCRA relief, we would find her claim to be meritless.  In her PCRA petition, Jimenez asserted that trial counsel was ineffective for failing to introduce evidence of the existence of multiple elevators and stairwells at the hospital and, in doing so, undermined the truth-determining process.  ***See*** PCRA Petition, 8/2/23, at 3.  According to Jimenez, this evidence would have demonstrated that there were alternate routes that Gonzalez could have taken to avoid contact with her, which "strongly [supports Jimenez's] contention that [Gonzalez] had been the aggressor in the incident [] and that [Jimenez] had acted in self-defense."  Memorandum in Support of PCRA Petition, 8/31/23, at 4.

Claims of ineffective assistance of counsel merit relief if petitioner proves, by a preponderance of the evidence, that her convictions resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  42 Pa.C.S.A. § 9543(a)(2)(ii).  Counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner.  ***Commonwealth v. Dennis***, 950 A.2d 945, 954 (Pa. 2008).  To overcome this presumption, the petitioner must prove:  (1) that the underlying claim is of arguable merit; (2) counsel's action or omission lacked any reasonable basis to serve his client's interests; and (3) the ineffectiveness of counsel caused her prejudice.  ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001).  "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different."  ***Id.*** (citation omitted).  Petitioner's failure to establish any prong of the test will defeat an ineffectiveness claim.  ***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015).

Here, Jimenez was convicted of simple assault graded as a second-degree misdemeanor.  ***See*** 18 Pa.C.S.A. § 2701(b).  As is relevant here, "a person is guilty of assault if [s]he . . . attempts to cause or intentionally, knowingly[,] or recklessly causes bodily injury to another[.]"  ***Id.*** at § 2701(a)(1).  "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain."  ***Id.*** at § 2301.
*(Footnote Continued Next Page)*

9543(a)(1)(i), as soon as petitioner's sentence is completed, petitioner becomes ineligible for relief, regardless of whether he or she was serving sentence at time PCRA petition filed).

Order affirmed. Petition to withdraw granted.

---

Jimenez's contention that counsel was ineffective for failing to introduce evidence of alternate routes fails to satisfy the ineffective assistance of counsel test. *See Pierce*, *supra*. At trial, Jimenez conceded the facts that supported her conviction of simple assault when she testified on cross-examination that she struck Gonzalez three times in the face, which caused Gonzalez to suffer bruises, scratches, and substantial pain. *See* N.T. Non-Jury Trial, 1/26/23, at 100. Jimenez's PCRA petition fails to explain how evidence that Gonzalez could have taken alternate routes to avoid Jimenez would have changed the trial court's determination that Jimenez's actions satisfied the elements of simple assault. In any event, defense counsel did, in fact, question Gonzalez regarding the existence of alternate routes during cross-examination at trial. *See* N.T. Non-Jury Trial, 1/26/23, at 47 ("Q: You could have taken the elevator to avoid her, right? A: I could have, but the elevator is very, very slow and no one takes the elevator [for] that reason. So, if I would have [taken] the elevator, I would have definitely [run] into her in the [lower level lab].").

Based upon the foregoing, Jimenez's claim lacks arguable merit where she had already conceded that she struck and injured Gonzalez, which satisfied the elements of simple assault. *Pierce*, *supra*. The existence of alternate routes does not change the fact that Jimenez assaulted Gonzalez. Additionally, Jimenez's claim fails to demonstrate that counsel lacked a reasonable basis where counsel cross-examined Gonzalez about alternate routes and, again, the existence of those routes does not change the fact that Jimenez assaulted Gonzalez. *Id.* Because Jimenez failed to satisfy the prongs of the ineffective assistance of counsel test, her claim fails on the merits. *Id.*

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>9/17/2025</u>